UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REBECCA CICHOSZ, KAREN KLINE,
MIRANDA MOORE,

      Plaintiffs,   Case No.

v.
      Hon.

NORTHEAST MICHIGAN
COMMUNITY SERVICE AGENCY, INC.,

      Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiffs*
614 Detroit St. STE 125
Ann Arbor, MI  48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com
Kara@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the Complaint.

**COMPLAINT AND JURY DEMAND**

Plaintiffs Rebecca Cichosz, Karen Kline, and Miranda Moore, by and through their attorneys, HURWITZ LAW PLLC, states the following for their Complaint against Defendant Northeast Michigan Community Service Agency, Inc.:

1

# INTRODUCTION

1. There is no pandemic exception to the protections afforded by Title VII of the Civil Rights Act of 1964 ("Title VII") and the Elliott-Larsen Civil Rights Act ("ELCRA"). Defendant clearly did not understand this when it terminated Teacher Assistants Cichosz, Kline and Moore, after denying them religious exemptions from a COVID-19 vaccine mandate. Plaintiffs posed no health threat to their coworkers and Defendant did not require the students, parents, or vendors on its premises to be vaccinated. Yet, instead of engaging with Plaintiffs in the spirit of "bilateral cooperation" to accommodate them with mask wearing, social distancing, and daily and/or weekly testing (safeguards that had proven successful through the first 18 months of the pandemic), Defendant denied their religious accommodation requests without any justification.

2. All the while, Defendant was violating the Fair Labor Standards Act ("FLSA") when deprived Plaintiffs of overtime pay. Plaintiffs' job duties included unpaid volunteer work during the summer, monitoring e-mails and texts when off the clock, and covering for lead teacher absences.

# PARTIES AND JURISDICTION

3. Plaintiff Rebecca Cichosz resides in Merrill, Michigan.

4. Plaintiff Karen Kline resides in Midland, Michigan.

5. Plaintiff Miranda Moore resides in Harrisville, Michigan.

2

6. Defendant is a domestic nonprofit corporation with a principal place of business located at 2569 US-23 South, Alpena, Michigan.

7. The U.S. District Court for the Eastern District of Michigan has jurisdiction over the claim under the Fair Labor Standards Act of 1938 ("FLSA") pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391 because this is the judicial district where a substantial part of the events giving rise to the claims occurred.

9. Plaintiff filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC") on or around February 12, 2022 and Plaintiffs will be amending this Complaint to add claims under Title VII of the Civil Rights Act of 1964 ("Title VII") when they receive Right to Sue letters.

## FACTUAL ALLEGATIONS

10. Plaintiff Cichosz was employed as a Teacher Assistant from August 30, 2006, until her termination on February 4, 2022.

11. Plaintiff Kline was employed as a Teacher Assistant from August 19, 2019, until her termination on February 4, 2022.

12. Plaintiff Moore was employed as a Teacher Assistant from September 2019 until her termination on February 4, 2022.

**Defendant's Mandatory Vaccine Policy**

13. Defendant announced a mandatory COVID-19 vaccine policy for its employees.

14. Defendant never required students, parents, or vendors to be vaccinated.

15. The religious accommodation process mandates "bilateral cooperation" between employer and employee. *Ansonia Bd. of Educ. v. Philabrook*, 479 U.S. 60, 69 (1986).

16. No such "bilateral cooperation" occurred during Defendant's process.

17. The EEOC tells employers that a prototypical example of reasonable accommodation to the vaccine is being "given the opportunity to telework." U.S. EQUAL EMPL. OPPORTUNITY COMM'N, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (May 28, 2021).

18. "If the employer denies the employee's proposed accommodation, the employer should explain to the employee why the preferred accommodation is not being granted." *Id*. (Mar. 1, 2022).

19. Plaintiffs were excellent performers of their job duties and were not terminated for performance-related reasons.

20. The EEOC advises employers to "ordinarily assume that an employee's request for religious accommodation is based on sincerely held religious belief, practice, or observance." U.S. EQUAL EMPL. OPPORTUNITY COMM'N, *What You*

*Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (May 28, 2021).

21. An individual's testimony about his or her belief "must be given great weight" and is enough to demonstrate a sincerity. *Seeger*, 380 U.S. at 184 (1965).

22. Plaintiffs' religious convictions are highlighted by the fact they remained unvaccinated in the face of termination, losing their livelihoods in the process.

**Defendant Cannot Establish Undue Hardship**

23. The legal prohibition against religious discrimination imposes a "duty" on employers to accommodate the sincere religious observances of employees, absent a showing of "undue hardship." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977).

24. The employer bears the burden of showing "that it is unable to reasonably accommodate the employee's religious beliefs without incurring undue hardship." *McDaniel v. Essex Intern., Inc.*, 571 F.2d 338, 341 (6th Cir.1978).

25. An employer does not satisfy its burden of proving undue hardship "merely by showing that an accommodation would be bothersome to administer." *Draper v. United States Pipe & Foundry Co.*, 527 F.2d 515, 520 (6th Cir.1975).

26. Defendant claimed that Plaintiffs were "direct threat[s] to the health and safety of others," yet failed to explain why continuing the safety protocols that were in place the first two years of the pandemic was not a possibility for unvaccinated employees.

27. Defendant refused to accommodate employees working remotely, who could not have posed a health risk to coworkers.

28. "The obligation to provide religious accommodations absent undue hardship is a continuing obligation that allows for changing circumstances." Guidance at L.6.

29. "An employer cannot rely on speculative or hypothetical hardship when faced with an employee's religious objection but, rather, should rely on objective information." EEOC Guidance at L.3.

**Plaintiffs were Deprived Overtime Pay**

30. Plaintiffs were eligible for overtime pay.

31. Yet Plaintiffs were required to do unpaid work throughout their employment.

32. Plaintiffs were required to do unpaid "volunteer work" during the summer.

6

33. Plaintiffs were required to monitor e-mails and text messages when they were off the clock to stay up to date on staffing issues, student illnesses, transportation conflicts, school closures, COVID-19 updates, and more.

34. Plaintiffs were required to receive training, but the only available times to do so fell outside of work hours.

35. Plaintiffs were required to work before clocking in and after clocking out to clean and set up their classrooms.

36. Plaintiffs were not paid for extra cleaning because of COVID-19. Specifically, each classroom had to follow a specific cleaning checklist.

37. Plaintiffs were not paid for managing late child pick-ups.

38. Plaintiffs were not paid for attending parent conferences.

39. Plaintiffs were not paid for creating lesson plans.

40. Plaintiffs were not paid for afterhours phone calls and emails.

41. It was necessary for Plaintiffs to accomplish these job duties despite them occurring outside of normal work hours.

42. Prior to September 2021, Plaintiffs filled out a weekly time sheet. They were expected to put in standard times and to not submit any overtime hours.

43. After September 2021, Plaintiffs did not fill out a weekly time sheet.

44. After September 2021, Plaintiff clocked in and out using a computer/mobile phone application.

45. If Plaintiffs' hours were going to be over 40 hours for the week, Plaintiffs were told to artificially clock out early than work stoppage time to make sure that they did not earn any overtime pay.

46. Plaintiffs were told that they would not be paid overtime, but that they would need to get the work done regardless.

47. Upon information and belief, Defendant altered Plaintiffs time records to prevent them from earning overtime pay.

48. Defendant willfully deprived Plaintiffs pay for all hours worked.

49. Plaintiffs are owed all unpaid overtime in exact amounts to be determined from three years prior to the filing of this lawsuit until their termination February 4, 2022.

## COUNT I
## Violation of Elliott-Larsen Civil Rights Act ("ELCRA")
## Religious Discrimination–Failure to Accommodate

50. Plaintiffs restate the foregoing paragraphs as set forth herein.

51. An employer shall not discharge or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of the individual's religion.  MCL 37.2202(1)(a).

52. Plaintiffs can establish a *prima facie* case of religious discrimination by showing that (1) they hold a sincere religious belief that conflicts with an employment requirement; (2) they informed their employer of this belief; and (3) they suffered an adverse employment action for "failing to comply with the conflicting employment requirement." *Tepper v. Potter,* 505 F.3d 508, 514 (6th Cir. 2007).

53. Plaintiffs hold sincere religious beliefs that conflict with the vaccine mandate.

54. Plaintiffs informed their employer of their religious beliefs when they requested accommodations.

55. Plaintiffs were terminated on February 4, 2022 for failing to comply with the vaccine mandate.

56. Defendant evaded any sort of bilateral cooperation.

57. Plaintiffs should have been given the opportunity to test weekly, use PPE, or social distance.

58. Plaintiffs have suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the denial of their request for accommodation.

59. Plaintiffs have been denied employment and placed in financial distress and they have suffered a loss of earnings and benefits, and a loss of and impairment of their earning capacity and ability to work because of the denial of their requests.

60. Plaintiffs have been required to employ the services of an attorney.

61. Defendant's actions were intentional and/or reckless.

## COUNT II
### Violation of Elliott-Larsen Civil Rights Act ("ELCRA")
### Religious Discrimination–Retaliation

62. Plaintiffs restate the foregoing paragraphs as set forth herein.

63. Two or more persons shall not conspire to, or an individual person shall not on his or her own, retaliate against a person because the person has opposed a violation of the Elliott-Larsen Civil Rights Act ("ELCRA"). MCL 37.2701(a).

64. Plaintiffs can establish a *prima facie* case of retaliation by showing (1) that they engaged in a protected activity; (2) that this was known by the employer; (3) that the employer took an adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse employment action. *El-Khalil v. Oakwood Healthcare, Inc.*, 504 Mich. 152, 161 (2019).

65. Plaintiffs engaged in protected activity when they requested religious accommodations to the vaccine mandate.

66. Defendant retaliated by terminating their employment on February 4, 2022.

10

67. Plaintiffs have suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the unlawful retaliatory conduct.

68. Plaintiffs have been denied employment and placed in financial distress and they have suffered a loss of earnings and benefits, and a loss of and impairment of their earning capacity and ability to work because of the retaliatory conduct.

69. Plaintiffs have been required to employ the services of an attorney.

70. Defendant's actions were intentional and/or reckless.

## COUNT III
## Violation of Fair Labor Standards Act of 1938 ("FLSA")

71. Plaintiffs restate the foregoing paragraphs as set forth herein.

72. Plaintiffs were "employees" or "individuals employed by an employer" under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 203(e).

73. Defendant was an "enterprise engaged in commerce" during all relevant times under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 203(s).

74. Plaintiffs were Teacher Assistants and not exempt from overtime pay.

75. Defendant's actions were intentional and willful.

76. Plaintiffs are owed all unpaid overtime in exact amounts to be determined from three years prior to the filing of the lawsuit until on or around February 4, 2022.

11

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

c. Prejudgment interest;

d. Attorneys' fees and costs; and

e. Such other relief as in law or equity may pertain.

Respectfully Submitted,

HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah Hurwitz (P74063)
Attorneys for Plaintiff
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
*noah@hurwitzlaw.com*

Dated: August 15, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REBECCA CICHOSZ, KAREN KLINE,
MIRANDA MOORE,

       Plaintiffs,

v.

NORTHEAST MICHIGAN
COMMUNITY SERVICE AGENCY, INC.,

       Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiffs*
614 Detroit St. STE 125
Ann Arbor, MI  48104
(844) 487-9489

---

## DEMAND FOR TRIAL BY JURY

Plaintiffs Rebecca Cichosz, Karen Kline, and Miranda Moore, by and through their attorneys, Hurwitz Law PLLC, hereby demands a trial by jury in the above-captioned matter for all issues triable.

    Respectfully Submitted,
    HURWITZ LAW PLLC

    */s/ Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    *Attorney for Plaintiff*

Dated: August 15, 2022